RECEIVED

APR 0 1 2009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT MISSISSIPPI

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

JAMES W. LOWE                                                   PLAINTIFF

VS.                                          CAUSE NO. 4:09CV035-P-S

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF
LELAND, MISSISSIPPI                                             DEFENDANT

TO:     THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
        DISTRICT OF MISSISSIPPI, GREENVILLE DIVISION

        Honorable Barbara Esters-Parker
        Washington County Circuit Clerk
        P.O. Box 1276
        Greenville, MS 38702

        WASHINGTON COUNTY CIRCUIT CLERK

        Andrew N. Alexander, III, Esq.
        Lake Tindall, LLP
        P.O. Box 918
        Greenville, MS 38702-0918

## **NOTICE OF REMOVAL**

        Pursuant to 28 U.S.C. § 1331 Defendant Democratic Municipal Executive Committee of the

City of Leland, Mississippi, explicitly subject to all Rule 12 and other defenses, hereby removes this

case and gives notice of the removal of this action from the Circuit Court of Washington County,

Mississippi, to the United States District Court for the Northern District of Mississippi, Greenville

Division. As grounds for this removal, Defendant states as follows:

### **FEDERAL QUESTION JURISDICTION**

        1.      This action was commenced on March 20, 2009, by the filing of a Petition in Civil

Action No. 2009-0063 CI in the Circuit Court of Washington County, Mississippi. A true and correct copy of the Complaint and all process, pleadings and orders served in this matter are attached to this Notice of Removal as *Composite Exhibit A* and are incorporated herein by reference.

      2.      The Defendant reserves the right to amend this Notice of Removal to adopt and incorporate by reference its Answer and Defenses consistent with the arguments contained herein. Said Answer and Defenses to be filed separately herein. The Defendant does not waive any other defenses available to it.

      3.      This notice is timely field within thirty days of receipt of the pleadings or other paper from which the Defendant could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b). *Composite Exhibit A.* Such removal is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

      4.      This action is one of a civil nature, wherein the United States District Court for the Northern District of Mississippi, Greenville Division, has jurisdiction pursuant to 28 U.S.C. § 1331 and 1452.

      5.      The allegations of Plaintiff's Complaint are centered around the March 17, 2009 denial of Plaintiff's qualification as a candidate for the Democratic Party nomination for Mayor of the City of Leland, Mississippi. Plaintiff's Complaint asserts state election law claims and violation of the provisions of the Voting Rights Act of 1965.

      6.      Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Washington County, Mississippi.

## FEDERAL QUESTION JURISDICTION OVER
## STATE LAW CLAIM WHICH NECESSARILY STATES SUBSTANTIAL
## AND ACTUALLY DISPUTED FEDERAL ISSUE

7.      Until on or about March 2, 2009, the Plaintiff was a duly elected officer of the City

of Leland, Mississippi's Municipal Republican Executive Committee.

8.      The current election qualification cycle for primary election candidates for Mayor

ran from January 1, 2009 and March 6, 2009.

9.      During the current election qualification cycle for primary election candidates for

Mayor, the Plaintiff served on the Republican Municipal Executive Committee charged with the

responsibility for recruiting and qualifying Republican candidates for Mayor of the City of Leland,

Mississippi.

10.     On or about March 6, 2009, the Plaintiff filed qualifying papers seeking qualification

to run in the Democratic Primary as a candidate for the Democratic nomination for Mayor of the City

of Leland, Mississippi.

11.     On or about March 17, 2009, the Leland, Mississippi Municipal Democratic

Executive Committee refused to qualify the Plaintiff as a Democratic candidate based upon, *inter*

*alia,* his immediate past service as a member of the City of Leland Municipal Republican Executive

Committee during the same election cycle.

12.     The Plaintiff has sued alleging, *inter alia,* that Mississippi law does not permit the

Defendant to consider party loyalty when determining whether to qualify candidates as Democratic

nominees for municipal offices.

13.     The Plaintiff further alleges that such a consideration would constitute a change in

voting practices and would violate Section 5 of the Voting Rights Act of 1965 absent pre-clearance

by the Justice Department.

14.     The Plaintiff's participation in Republican Party affairs during this election cycle and his service as an officer of the Republican Party during this election cycle is the basis for the Defendant's refusal to certify the Plaintiff as a candidate.

15.     To allow the Plaintiff to qualify as a Democratic candidate under the aforementioned circumstances is tantamount to allowing a fraud to be committed upon Democratic Party voters.

16.     Pursuant to the First and Fourteenth Amendments to the United States Constitution, the Defendant has the right to determine its membership and with whom it chooses to associate. *See Kucinich v. Texas Democratic Party*, ___ F.3d____, 2009 WL 755393 (C.A.5 Tex); *Ray v. Blair*, 343 U.S. 214, 72 S.Ct. 654, 96 L.Ed. 894 (1952).

17.     The Plaintiff's alleged right to qualify under Mississippi state law is squarely in conflict with Defendant's federal rights under the First Amendment to the United States Constitution. The collision of these rights now requires this Court to exercise its remedial jurisdiction pursuant to the Voting Rights Act of 1965. *See Complaint* at Paragraph 14.

18.     The resolution of the Plaintiff's rights under state law and the Defendant's rights under federal law are inextricably intertwined. Under the *Grable* doctrine, this Honorable Court should exercise federal jurisdiction in this case. *Grable & Sons v. Darue*, 545 U.S. 308, 125 S. Ct. 2363 (2005). *See also Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) ("The general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that the federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision.").

WHEREFORE, the Defendant files this Notice of Removal and removes this civil action to the United States District Court for the Northern District of Mississippi, Greenville Division.

Plaintiff is hereby notified to proceed no further in state court.

RESPECTFULLY SUBMITTED this the 1st day of April, 2009.

Respectfully submitted,

**MUNICIPAL DEMOCRATIC EXECUTIVE**
**COMMITTEE OF THE**
**CITY OF LELAND, MISSISSIPPI**

By: _____

Charles E. Griffin, MSB #5015
Howard R.Brown, MSB #10631
Jedidiah Cochran, MSB #102846

OF COUNSEL:

GRIFFIN & ASSOCIATES
P.O. BOX 968
JACKSON, MISSISSIPPI 39205-0968
601-354-0603 (telephone)
601-354-0604 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day forwarded a true and correct copy of the above and foregoing pleading, via U.S. mail and electronic email to:

Andrew N. Alexander, III, Esq.
Lake Tindall, LLP
P.O. Box 918
Greenville, MS 38702-0918

This the ___1ST___ day of April, 2009.

_____
CHARLES E. GRIFFIN

Mar 26 09 11:49a    Mayor Office                        662-686-4570                    p.10
      03/23/2009   07:54   6623788777         DELTA DEMOCRAT TIMES          PAGE  01

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

JAMES W. LOWE                                            PETITIONER

V.                                    CAUSE NO. 2009-0263 CI

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF LELAND, MAR 23 2009
MISSISSIPPI                                              DEFENDANT

### PETITION FOR JUDICIAL REVIEW OF DECISION OF
### THE DEMOCRATIC MUNICIPAL EXECUTIVE COMMITTEE
### OF THE CITY OF LELAND, MISSISSIPPI

COMES NOW James W. Lowe, Petitioner herein, pursuant to Miss. Code Ann.
§23-15-961(4), by and through the undersigned counsel, and files his Petition for Judicial
Review of the Decision of the Democratic Municipal Executive Committee of the City of
Leland, Mississippi denying certification to Petitioner as a candidate for the Democratic
nomination for the position of Mayor of the City of Leland, Mississippi.  In support of this
petition, Petitioner states as follows:

1.    Petitioner is a bona fide adult resident citizen of the City of Leland,
Washington County, Mississippi, whose address is 126 Robb Street, Leland, MS 38756.

2.    Defendant is a municipal executive committee established pursuant to
Mississippi law, and may be served with process by serving its Chairman, Danny Caldwell,
102 O'Quinn Street, Leland, Mississippi.  This Court has subject matter jurisdiction of this
action pursuant to Miss. Code Ann. §23-15-961(4), which provides for judicial review by
this Court of Defendant's actions.

3.    This Court has personal jurisdiction over the parties, and venue is proper in
the Circuit Court of Washington County, Mississippi.

4.    Petitioner is a qualified elector of the City of Leland, Mississippi.  He meets
all of the qualifications for the Office of Mayor for the City of Leland, Mississippi.  He has



EXHIBIT
A

not been convicted of a felony in a court of this state, or in any federal court, nor he has he been convicted of a crime in any other state which is a felony under the laws of this state.

5.    Petitioner properly filed qualifying papers to enter the Leland Democratic Primary Election for the Office of Mayor. On Friday, March 13, 2009, Plaintiff received a hand-delivered letter from Defendant, signed by Chairman Danny Caldwell. This letter stated, *inter alia*, that Defendant had received a "petition" on March 11, 2009 challenging Petitioner's certification for the Office of Mayor. The letter did not identify the person challenging Petitioner's certification, nor did it state the purported basis for the challenge. No copy of this "petition" was provided to Petitioner. The letter further advised Petitioner of the scheduling of a hearing on the following Monday, March 16, 2009, at 4:00 p.m. at the Leland City Hall. A copy of this March 13, 2009 letter is attached hereto as Exhibit 1.

6.    On Monday, March 16, 2009, Petitioner appeared for the "hearing," accompanied by several supporters. Plaintiff was not provided with a copy of the "petition" at that time and, in fact, no petition was ever presented at the hearing.

7.    When the hearing was opened, Chairman Caldwell announced that it would be held in Executive Session, in violation of Mississippi's Open Meetings Law, Miss. Code Ann. §25-41-1, *et seq*. It was only at this point that Petitioner was advised that the individual challenging his certification was his opponent, current Mayor Barbara Brooks.

8.    The hearing was conducted in secret, and Petitioner was questioned in Executive Session. It was at this point that Petitioner was advised, for the first time, that his certification was being challenged on the basis of "party disloyalty." When Petitioner's questioning was completed, he was forced to leave the room and Mayor Brooks was called into the Executive Session, where she presumably testified. As this testimony was, likewise, taken secretly, Petitioner is unaware of its content.

2

Mar 26 09 11:50a      Mayor Office                                    662-686-4570              p.12

      03/23/2009   07:54    5523788777              DELTA DEMOCRAT TIMES          PAGE  03

9.    At the close of the testimony, the Committee was presented with a Mississippi Attorney General's Opinion which addressed the impropriety of an Executive Committee's refusal to place a candidate's name on a ballot because of alleged disloyalty.

10.    Chairman Caldwell then adjourned the meeting, stating that the Executive Committee would have to investigate the matter further and obtain more information before reaching a decision on Petitioner's certification. Petitioner is unaware what additional investigation occurred, or what additional information was obtained but, in any event, any such additional "fact-finding" occurring outside of the hearing would have been improper.

11.    On Wednesday, March 18, 2009, Petitioner received a letter from Defendant, dated March 17, 2009, again signed by Chairman Caldwell. This letter, a copy of which is attached as Exhibit "2", advised Petitioner that his certification had been challenged "based on claims that [he] violated the Democratic Constitution of the State of Mississippi by serving on the Leland Republican Municipal Executive Committee and supporting the Republican Party." The letter further advised Petitioner that the Committee, none of whom were ever identified, had voted unanimously to deny his certification to be a Democratic candidate for mayor.

12.    This action by Defendant is a clear violation of Mississippi law.  Under Mississippi's Election Code, a party Executive Committee is authorized to make *only* the following determinations regarding whether a candidate should be placed on the ballot for a primary election:

a.    whether he is a qualified elector of the state;

b.    whether he meets all other qualifications to hold the office (or has presented absolute proof that he will, subject to no contingencies, meet all qualifications on or before the date of the election); and

3

Mar 26 09 11:50a        Mayor Office                                        662-686-4570          p.13

      .03/23/2009   07:54    6623768777              DELTA DEMOCRAT TIMES           PAGE   04

c.    whether he has been convicted of any felony in a court of this state,
      or of any offense in another state which is a felony under the laws of
      this state, or whether he has been convicted of any felony in a federal
      court.

Miss. Code Ann. §23-15-299(7).

13.    Defendant had no authority under Mississippi law to impose any additional
"qualifications" for Petitioner's candidacy.  Two Mississippi Attorney General's Opinions,
*Hemphill*, January 16, 2003, Opinion No. 2003-0015 and *Nicholson*, January 29, 2007,
Opinion No. 2006-00652, expressly note that an executive committee cannot refuse to
place an otherwise qualified candidate on a ballot because he has supported another party
in the past.  To do so would be contrary to both Mississippi law and the Mississippi
Constitution. This is the case regardless of any provisions of a party's Constitution or other
rules.

14.    Further, the actions of the Leland Democratic Municipal Executive
Committee in attempting to add a "party loyalty" component to the certification process
constitutes a change in the law or practice regarding elections, which would not only have
to have been enacted by the Mississippi Legislature but would also have to be pre-cleared
by the United States Department of Justice pursuant to the provisions of the Voting Rights
Act before it could be lawfully enforced.  Neither of these events have occurred and,
accordingly, Defendant's actions must be reversed for this separate reason.

15.    Finally, the actions of Defendant in holding a "hearing" on the challenge to
Petitioner's candidacy in Executive Session, and taking secret testimony, clearly violates
Mississippi's Open Meetings law, and any action taken in this improper meeting were null
and void.

WAR4300_DADS-0DTa34Petition-(2).doc1

4

Mar 26 09 11:51a    Mayor Office                    662-686-4570         p.14

WHEREFORE, Petitioner respectfully requests that the Court set an immediate hearing of this Petition, and that this Court determine that Petitioner is legally qualified to have his name placed upon the ballot as a candidate for Mayor in the Democratic primary in the City of Leland, Mississippi, and direct that his name be so placed. Petitioner further requests an award of attorney's fees and expenses of litigation as a consequence of Defendant's clear and deliberate violation of established law. Petitioner further requests any other relief as to which he may be entitled.

THIS, the 20th day of March, 2009.

Andrew N. Alexander III, MSB#1310
Attorney for Petitioner

OF COUNSEL:

Lake Tindall, LLP
127 South Poplar Street
P. O. Box 918
Greenville, MS  38702-0918
Telephone: 662/378-2121
Facsimile:  662/378-2183

5

March 11, 2009

Leland Democratic Municipal
Executive Committee
Leland, MS  38756

Dear Committee Members:

I have filed a qualifying statement of intent as a Democrat for the position of Mayor of
the City of Leland. I have been a loyal democrat acting in accordance with the rules of
the Democratic Party of Mississippi as set forth in the said Constitution and Bylaws.

This letter is written to inform you and to request that the Democratic Municipal
Executive Committee deny the certification of James W. Lowe as a democratic candidate
for Mayor for the May 5, 2009 party primary. This denial request is based on the attached
copy of recorded documents which includes the Qualifying Statement of Intent for
Republican Municipal Executive Committee and the Minutes from the meeting on
February 20, 2005. As you can see, Mr. Lowe is a republican serving on the Leland
Municipal Republican Executive Committee during the last four years. These documents
and the required $10 filing fees verifies that Mr. Lowe have publicly and financially
supported the Republican Party and/or the election to office of any person not running as
a Democrat. (See Attached)

This is without a doubt a violation of the Democratic Party State Constitution; and
according to the Constitution, Mr. Lowe should not be certified as a Democratic
candidate for the position requested.

As a loyal Democrat, I submit to you,

Barbara R. Brooks
Attachments

Mar 26 09 11:45a     Mayor Office     662-686-4570     p.3

## QUALIFYING STATEMENT OF INTENT
## FOR REPUBLICAN MUNICIPAL EXECUTIVE
## COMMITTEE

I, _James W. Lowe_
(Name, as it will appear on the ballot)

_115 Tucker St_
(Mailing Address)

_Leland 115 Tucker St_
(Street address)

_Leland MS 38756_
(City) (State) (Zip code)

_662-686-4868_     _jameswlowe@bellsouth.net_
(Work telephone)   (Home telephone)    (Email Address)

a qualified elector of the municipality of _Leland_

State of Mississippi, do hereby declare my candidacy for the **Republican** Party for

nomination for the office of Executive Committee Member at the primary election

scheduled to be held on May 3, 2005.

I hereby certify that: (mark as applicable)

☑ I have never been convicted of a crime punishable by confinement in the Penitentiary.

☑ I have never been convicted of a felony in federal court, or of a felony in the court of another state, as provided in Section 44 of the Mississippi Constitution.

☑ I meet all constitutional, statutory and other legal requirements to hold said office.

_James W. Lowe_                    _03-04-05_
(Signature of candidate)              (Date)

Received by _____      _____  3-4-0_
          (Signature)       (Title)    (Date)

Mar 26 09 11:46a          Mayor Office                          662-686-4570          p.4

Minutes From Meeting on February 20, 2005 of the Executive Committee of Leland, MS.

Present were as follows:

        Perrin Grissom, Jr.
        Richard Cousino
        Trudy Tubertini
        Amy Taylor (absent- out of town)
        Charles Lillo (absent)

Meeting Purpose: To Elect New Members to the Committee

Minutes: Perrin Grissom, Jr. resigned today because of duties of the Election Commission. New members were elected to take the place of members who have stepped down from their duties on this committee.
Newly elected Members as follows:

        Bart Freeland
        Don Hubbard
        James Lowe

Minutes recorded by Trudy Tubertini, Secretary
Date: February 20, 2005

*Trudy Tubertini  2/20/05*

Received Fax :     Mar 26 2009 11:31AM     Fax Station :  GRIFFIN & ASSOCIATES          P. 5

Mar 26 09 11:46a     Mayor Office                    662-686-4570          p.5
03/23/2009     87:54     6623780777          DELTA DEMOCRAT TIMES     PAGE  86

Leland Democratic Municipal Executive Committee
Leland, MS 38756

March 13, 2009

Mr. James Lowe
126 Robb Street
Leland, MS 38756

Dear Mr. Lowe:

The Leland Democratic Municipal Executive Committee received a petition on March 11, 2009 challenging your certification for Mayor for the May 5th, 2009 Democratic primary election. A hearing has been scheduled on this petition for Monday, March 16, 2009 at 4:00 pm at the Leland City Hall 2nd Floor. We ask that you be present for this hearing.

Respectively,

Danny Caldwell
Chairman

EXHIBIT
1

Leland Democratic Municipal Executive Committee
Leland, MS

March 17, 2009

Mr. James Lowe
126 Robb Street
Leland, MS 38756

Dear Mr. Lowe:

The Leland Democratic Municipal Executive Committee received a petition challenging
your certification as a democratic candidate for Mayor in the Leland Democratic Primary
schedule for May 5, 2009.  The challenge was based on claims that you violated the
Democratic Constitution of the State of Mississippi by serving on the Leland Republican
Municipal Executive Committee and supporting the Republican Party. After reviewing
the evidence and having a hearing with you, the committee unanimously voted to deny
your certification to be a Democratic candidate for mayor.

Respectively,

Danny Caldwell, Chairman

EXHIBIT
2

Mar 26 09 11:47a     Mayor Office                    662-686-4570              p.7



## Book Signing Sat. March 28
### HOBNOB GALLERY
315 North Main Street
Leland, MS · 662-686-0110

## Delta native's memoir offers inside look at Delta School Desegregation

The experience of a young college graduate who helped pioneer school desegregation in Leland in 1969 will be released March 1, 2009 by University of Alabama Press.

Greenville native David Beckwith's memoir, "A New Day in the Delta," concentrates on his experience as a young college graduate who helped pioneer the 1969 school desegregation in Leland. As the Vietnam War was reaching its zenith, Beckwith graduated from the University of Mississippi and was accepted for a teaching position with the Leland Public Schools despite his total lack of credentials. Only later did he learn that he had been assigned to Lincoln Attendance Center, an all-black school, just as Mississippi's "separate but equal" school system was being mandated to end.

War and evolving racial relations were transforming the nation and Mississippi alike. Beckwith found himself on the cutting edge of the transformation of American education and society in one of the most resistant corners of the country. Beckwith's memoir tells the revealing and often amusing story of the year of incomprehension between an inexperienced white teacher and a classroom of black children who had had minimal contact with any whites. This is history as those who were thrust into another sort of "front line" experienced it.

The key to this story is the fact that Beckwith is one of the first white teachers to be assigned to an all-black school in the Mississippi Delta. Beckwith's detailed account of his experience will be valuable to the history of this time," said Dr. Andrew Mullins, Assistant to the Chancellor at Ole Miss. "A New Day in the Delta" makes a significant and interesting contribution to the history of desegregation in Mississippi's public education system."

"The book is a fascinating combination of Happy Days meets Blackboard Jungle, with more than a little Mississippi: The Closed Society added," according to Delta Magazine Contributing Editor Noel Workman. "The well intentioned rookie often trod where angels feared to go."

Beckwith has spent most of his working career in the securities industry and is currently a Vice President and Financial Advisor with Morgan Stanley. He lives in Vero Beach and Little Torch Key, Fl.

experiencing layoffs of thousands of employees nationwide but Leland Manufactur-

## Walk-In Baths
15% Off
•American Made•
Mississippi Owned and Operated
Hydrotherapy Body Massage
We Deliver & Install Our Tubs!
We also sell just the walk-in tubs!
AMERICAN BATHCRAFT
1-888-817-2576
A State Licensed Company

03/02/2009

Dear Sir/Madam:

Due to the fact that I am a candidate for the office of Mayor of the City of Leland, I feel that it would be appropriate to resign my position as a member of the Leland Republican Party executive committee effective immediately.

Politically yours,

/s/ James W. Lowe, Sr.



IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

JAMES W. LOWE                                         PETITIONER

V.                                    CAUSE NO.: 2009-0063CI

DEMOCRATIC MUNICIPAL EXECUTIVE Received & Filed
COMMITTEE OF THE CITY OF LELAND,
MISSISSIPPI                              MAR 2 5 2009           DEFENDANT

Barbara Esters-Parker

### EX PARTE MOTION FOR ORDER  D.C.
### PROHIBITING PREPARATION OF BALLOT

COMES NOW James W. Lowe, by and through the undersigned counsel, and respectfully moves this Court to enter an Order prohibiting Defendant, Democratic Municipal Executive Committee of the City of Leland, Mississippi, from preparing a ballot for the Municipal Democratic Primary Election scheduled for Tuesday, May 5, 2009, until such time as the instant litigation has been completed. In support of this Motion, Movant states as follows:

1.    The instant action was filed by Movant on Friday, March 20, 2009, and Defendant was served with process by service upon its Chairman, Danny Caldwell, on Monday, March 23, 2009.

2.    Defendant has not yet answered or otherwise responded to the Petition, and undersigned counsel has not been able to determine the identity of counsel who will be representing Defendant in this action.

3.    Movant claims in this action that Defendant unlawfully refused to place his name on the ballot for the Municipal Primary Election.

4.    Pursuant to Miss. Code Ann. §23-15-311, expenses of this Municipal Primary Election are not paid by Defendant. Instead, all expenses, including the printing of the ballots for the election, are paid by the City of Leland. Movant, a citizen of Leland,

Received Fax          Mar 26 2009 11:31AM          Fax Station :    GRIFFIN & ASSOCIATES                p.  18

Mar 26 09 11:53a     Mayor Office                              662-686-4570          p.18

states that, in light of the instant litigation, the printing of ballots which do not include his

name will result in a substantial likelihood that the City will be required to fund the

preparation of ballots twice. This would not be in the best interest of either party, or of the

citizens of Leland in general.

     5.     No prejudice will be caused to Defendant by entry of the requested Order.

THIS, the 25th day of March, 2009.

JAMES W. LOWE, Petitioner

_____

Andrew N. Alexander III, MSB#1310

OF COUNSEL:

Lake Tindall, LLP
127 South Poplar Street
P. O. Box 918
Greenville, MS 38702-0918
Telephone: 662/378-2121
Facsimile:   662/378-2183

## CERTIFICATE OF SERVICE

I, Andrew N. Alexander III, Attorney for Petitioner, do hereby certify that I have this day mailed, via first class mail postage prepaid, a true and correct copy of the above and foregoing instrument to the following:

> Danny Caldwell
> 102 O'Quinn Street
> Leland, MS 38756

and via first class mail postage prepaid, and facsimile to 661/686-4570, a true and correct copy of the above and foregoing instrument to the following:

> Mayor Barbara Brooks
> City of Leland
> 206 Broad Street
> Leland, MS 38756

This the 25th day of March, 2009.

_____
ANDREW N. ALEXANDER III

Mar 26 09 11:54a     Mayor Office                          662-686-4570              p.20

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

JAMES W. LOWE                                              **PETITIONER**

V.                                    CAUSE NO.: 2009-0063CI

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF LELAND,
MISSISSIPPI                                               **DEFENDANT**

### ORDER

THIS MATTER is currently before the Court on the *ex parte* motion of Petitioner, James W. Lowe, for entry of an Order prohibiting Defendant, Democratic Municipal Executive Committee of the City of Leland, Mississippi, from having ballots prepared for the May 5, 2009 Leland Municipal Democratic Primary until the instant litigation has been concluded. Considering Petitioner's ex parte motion, the Court finds as follows:

1.      This action was filed on Friday, March 20, 2009, and Defendant was served with process by service upon its Chairman, Danny Caldwell, on Monday, March 23, 2009.

2.      Defendant has not yet answered or otherwise responded to the Petition, although, given the fairly brief time period involved, this fact is not surprising. The Court has attempted to obtain information concerning the identity of the attorney who will be representing Defendant but, as of the present date, has been unable to do so.

3.      Petitioner's motion is based upon his contention that, in light of the instant litigation, it would be improper to allow Defendant to prepare ballots which do not include Petitioner's name. This is particularly true, Petitioner states, where the City of Leland itself, and not the Defendant Municipal Executive Committee, would bear the cost of having two different ballots prepared in the event Petitioner is successful in this litigation. Petitioner further states in his motion that no party will be prejudiced by the motion.

Without in any way prejudging the instant litigation, the Court is of the opinion that Petitioner's *ex parte* motion is well taken. The Court sees no prejudice that could occur, at least at the present time, by entry of the Order requested by Petitioner, and an entry of such an Order would prevent a duplication of expenses for the City of Leland in the event Petitioner ultimately prevails in this action.

IT IS, THEREFORE, ORDERED as follows:

1.     Defendant, Democratic Municipal Executive Committee of the City of Leland, Mississippi is hereby ordered and directed not to prepare the ballot for the Democratic Municipal Primary Election for May 5, 2009 until further order of the Court; and

2.     In the event Defendant contends that it is, at some point in the future, prejudiced by this Order, Defendant may file an appropriate motion for relief from the Order, and any such motion shall be promptly resolved.

This the _____ day of March, 2009.

_____
Circuit Court Judge      .

PREPARED BY:

Andrew N. Alexander III, Esq., MSB#1310
Lake Tindall, LLP
127 South Poplar Street
P. O. Box 918
Greenville, MS 38702-0918
Telephone: 662/378-2121
Facsimile:  662/378-2183

W:\26300_Dl\26489\pls\Order-ExParteMotion.doc

2

Mar 26 09 12:40p      Barbara Esters - Parker     662#334-2698              P.1

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

JAMES W. LOWE                                           PETITIONER

V.                              CAUSE NO.: 2009-0063CI

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF LELAND,
MISSISSIPPI                                             DEFENDANT

## ORDER

THIS MATTER is currently before the Court on the ex parte motion of Petitioner, James W. Lowe, for entry of an Order prohibiting Defendant, Democratic Municipal Executive Committee of the City of Leland, Mississippi, from having ballots prepared for the May 6, 2009 Leland Municipal Democratic Primary until the instant litigation has been concluded. Considering Petitioner's ex parte motion, the Court finds as follows:

1.   This action was filed on Friday, March 20, 2009, and Defendant was served with process by service upon its Chairman, Danny Caldwell, on Monday, March 23, 2009.

2.   Defendant has not yet answered or otherwise responded to the Petition, although, given the fairly brief time period involved, this fact is not surprising. The Court has attempted to obtain information concerning the identity of the attorney who will be representing Defendant but, as of the present date, has been unable to do so.

3.   Petitioner's motion is based upon his contention that, in light of the instant litigation, it would be improper to allow Defendant to prepare ballots which do not include Petitioner's name. This is particularly true, Petitioner states, where the City of Leland itself, and not the Defendant Municipal Executive Committee, would bear the cost of having two different ballots prepared in the event Petitioner is successful in this litigation. Petitioner further states in his motion that no party will be prejudiced by the motion.

Received & Filed

MAR 2 6 2009

Barbara Esters-Parker

By: _____ D.C.

BOOK _28_ PAGE # _566_

03/26/2009  18:08   6626864570            CITY OF LELAND                PAGE  03/03
FROM :FLEEE HNU BOGEN        FAX NO. :6626867183        Mar. 26 2009 04:01PM P3

Mar 26 09 12:48p    Barbara Esters - Parker    662#334-2698        p.2

Without in any way prejudging the instant litigation, the Court is of the opinion that

Petitioner's *ex parte* motion is well taken. The Court sees no prejudice that could occur,

at least at the present time, by entry of the Order requested by Petitioner, and an entry of

such an Order would prevent a duplication of expenses for the City of Leland in the event

Petitioner ultimately prevails in this action.

IT IS, THEREFORE, ORDERED as follows:

1.     Defendant, Democratic Municipal Executive Committee of the City of Leland,

Mississippi is hereby ordered and directed not to prepare the ballot for the Democratic

Municipal Primary Election for May 5, 2009 until further order of the Court and *is directed to act*
*forthwith advise the undersigned as to the identity of their legal counsel.*

2.     In the event Defendant contends that it is, at some point in the future,

prejudiced by this Order, Defendant may file an appropriate motion for relief from the

Order, and any such motion shall be promptly resolved. *3. The Clerk is directed to*
*immediately deliver a copy of this Order to Chairman Danny Caldwell, and*
This the 26 day of March, 2009. *to counsel for Petitioner.*

Special Circuit Court Judge

PREPARED BY:

Andrew N. Alexander III, Esq., MSB#1310
Lake Tindall, LLP
127 South Poplar Street
P. O. Box 918
Greenville, MS  38702-0918
Telephone:  662/378-2121
Facsimile:   662/378-2183

2

BOOK 38  PAGE # 567