IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES W. LOWE                                                                                  PLAINTIFF

VS.                                                          CAUSE NO. 4:09-CV-00035-P-S

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF
LELAND, MISSISSIPPI                                                                     DEFENDANT

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
     DISTRICT OF MISSISSIPPI, GREENVILLE DIVISION

   Honorable Barbara Esters-Parker
   Washington County Circuit Clerk
   P.O. Box 1276
   Greenville, MS 38702

   WASHINGTON COUNTY CIRCUIT CLERK

   Andrew N. Alexander, III, Esq.
   Lake Tindall, LLP
   P.O. Box 918
   Greenville, MS 38702-0918

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, § 1343 and § 1443 Defendant Democratic Municipal Executive Committee of the City of Leland, Mississippi, explicitly subject to all Rule 12 and other defenses, hereby removes this case and gives notice of the removal of this action from the Circuit Court of Washington County, Mississippi, to the United States District Court for the Northern District of Mississippi, Greenville Division.  As grounds for this removal, Defendant states as follows:

**FEDERAL QUESTION JURISDICTION AND CIVIL RIGHTS JURISDICTION**

1.	This action was commenced on March 20, 2009, by the filing of a Petition in Civil Action No. 2009-0063 CI in the Circuit Court of Washington County, Mississippi. A true and correct copy of the Complaint and all process, pleadings and orders served in this matter have been filed in this proceeding in the original Notice of Removal and are incorporated herein by reference.

2.	The Defendant incorporates by reference its Answer and Defenses consistent with the arguments contained therein. The Defendant does not waive any other defenses available to it.

3.	This Amended Notice of Removal is timely field within thirty days of receipt of the pleadings or other paper from which the Defendant could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b). *Composite Exhibit A.* Such removal is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

4.	This action is one of a civil nature, wherein the United States District Court for the Northern District of Mississippi, Greenville Division, has jurisdiction pursuant to 28 U.S.C. § 1331, §1343 and § 1443.

5.	The allegations of Plaintiff's Complaint are centered around the March 17, 2009 denial of Plaintiff's qualification as a candidate for the Democratic Party nomination for Mayor of the City of Leland, Mississippi. Plaintiff's Complaint asserts state election law claims and violation of the provisions of the Voting Rights Act of 1965.

6.	Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this Amended Notice of removal is being filed with the Clerk of the Circuit Court of Washington County, Mississippi.

**FEDERAL QUESTION JURISDICTION OVER
STATE LAW CLAIM WHICH NECESSARILY STATES SUBSTANTIAL
AND ACTUALLY DISPUTED FEDERAL ISSUE**

7. Until on or about March 2, 2009, the Plaintiff was a duly elected officer of the City of Leland, Mississippi's Municipal Republican Executive Committee.

8. The current election qualification cycle for primary election candidates for Mayor ran from January 1, 2009 and March 6, 2009.

9. During the current election qualification cycle for primary election candidates for Mayor, the Plaintiff served on the Republican Municipal Executive Committee charged with the responsibility for recruiting and qualifying Republican candidates for Mayor of the City of Leland, Mississippi.

10. On or about March 6, 2009, the Plaintiff filed qualifying papers seeking qualification to run in the Democratic Primary as a candidate for the Democratic nomination for Mayor of the City of Leland, Mississippi.

11. On or about March 17, 2009, the Leland, Mississippi Municipal Democratic Executive Committee refused to qualify the Plaintiff as a Democratic candidate based upon, *inter alia*, his immediate past service as a member of the City of Leland Municipal Republican Executive Committee during the same election cycle.

12. The Plaintiff has sued alleging, *inter alia*, that Mississippi law does not permit the Defendant to consider party loyalty when determining whether to qualify candidates as Democratic nominees for municipal offices.

13. The Plaintiff further alleges that such a consideration would constitute a change in voting practices and would violate Section 5 of the Voting Rights Act of 1965 absent pre-clearance by the Justice Department.

14. The Plaintiff's participation in Republican Party affairs during this election cycle and his service as an officer of the Republican Party during this election cycle is the basis for

the Defendant's refusal to certify the Plaintiff as a candidate.

15. To allow the Plaintiff to qualify as a Democratic candidate under the aforementioned circumstances is tantamount to allowing a fraud to be committed upon Democratic Party voters.

16. Pursuant to the First and Fourteenth Amendments to the United States Constitution, the Defendant has the right to determine its membership and with whom it chooses to associate. *See Kucinich v. Texas Democratic Party*, ___ F.3d ___, 2009 WL 755393 (C.A.5 Tex); *Ray v. Blair*, 343 U.S. 214, 72 S.Ct. 654, 96 L.Ed. 894 (1952).

17. The Plaintiff's alleged right to qualify under Mississippi state law is squarely in conflict with Defendant's federal rights under the First Amendment to the United States Constitution. The collision of these rights now requires this Court to exercise its remedial jurisdiction pursuant to the Voting Rights Act of 1965 for the purpose of providing interim relief to the Defendant pending pre-clearance of a rule to protect the association rights of the Defendant. *See Complaint* at Paragraph 14.

18. The Defendant has a critical interest in protecting the integrity of its candidate nomination process. *See California Democratic Party v. Jones*, 530 U.S. 567 (2000)( In no area is the political association's right to exclude more important than in the process of selecting its nominee).

19. The Defendant has no means under Mississippi's election laws to protect its freedom of association rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

20. The resolution of the Plaintiff's rights under state law and the Defendant's rights under federal law are inextricably intertwined. Under the *Grable* doctrine, this Honorable Court should exercise federal jurisdiction in this case. *Grable & Sons v. Darue*, 545 U.S. 308, 125 S. Ct.

2363 (2005). *See also Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) ("The general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that the federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision.").

WHEREFORE, the Defendant files this Amended Notice of Removal and removes this civil action to the United States District Court for the Northern District of Mississippi, Greenville Division. Plaintiff is hereby notified to proceed no further in state court.

RESPECTFULLY SUBMITTED this the 5th day of April, 2009.

                Respectfully submitted,

                **MUNICIPAL DEMOCRATIC EXECUTIVE**
                **COMMITTEE OF THE**
                **CITY OF LELAND, MISSISSIPPI**

            By:   /s/ Charles E. Griffin
                Charles E. Griffin, MSB #5015
                Howard R. Brown, MSB #10631
                Jedidiah Cochran, MSB #102846

OF COUNSEL:

GRIFFIN & ASSOCIATES
P.O. BOX 968
JACKSON, MISSISSIPPI 39205-0968
601-354-0603 (telephone)
601-354-0604 (facsimile)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day forwarded a true and correct copy of the above and foregoing pleading, via U.S. mail and electronic email to:

>Andrew N. Alexander, III, Esq.
>Lake Tindall, LLP
>P.O. Box 918
>Greenville, MS 38702-0918

    This the  5th   day of April, 2009.

>    /s/ Charles E. Griffin
>CHARLES E. GRIFFIN