IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES W. LOWE                                                                                    PLAINTIFF

VS.                                                                    CAUSE NO. 4:09-CV-00035-P-S

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF
LELAND, MISSISSIPPI                                                                          DEFENDANT

**AMENDED ANSWER and
MOTION FOR INTERIM RELIEF
PURSUANT TO VOTING RIGHTS ACT OF 1965**

COMES NOW, the Democratic Municipal Executive Committee of the City of Leland, Mississippi, by and through counsel, and files this Amended Answer and Motion for Interim Relief Pursuant to Voting Rights Act of 1965 as follows:

**FIRST DEFENSE**

The Defendant answers the Complaint paragraph by paragraph as follows, to wit:

1. Admitted.

2. Admitted. However, Defendant affirmatively submits that the United States District Court for the Northern District of Mississippi, Greenville Division, has jurisdiction over this proceeding for the reasons stated in the Notice of Removal.

3. Admitted. However, Defendant affirmatively submits that the United States District Court for the Northern District of Mississippi, Greenville Division, has jurisdiction over this proceeding for the reasons stated in the Notice of Removal.

4. Admitted upon information and belief.

5. Admitted.

6. Admitted that the Defendant held a hearing on March 16, 2009 to address the Plaintiff's qualifications to be certified as a Democratic candidate for the office of Mayor of the City of Leland, Mississippi and the Plaintiff appeared at the hearing. The remaining allegations of this paragraph are denied.

7. Denied.

8. Denied.

9. Admitted.

10. Denied.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. The remaining allegations of the paragraph beginning "WHEREFORE" are hereby denied.

The Defendant asserts the following additional defenses:

## SECOND DEFENSE - THE FIRST AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

17. Until on or about March 2, 2009, the Plaintiff was a duly elected officer of the City of Leland, Mississippi's Municipal Republican Executive Committee.

18. The current election qualification cycle for primary election candidates for Mayor ran from January 1, 2009 and March 6, 2009.

19. During the current election qualification cycle for primary election candidates for Mayor, the Plaintiff served on the Republican Municipal Executive Committee charged with the responsibility for recruiting and qualifying Republican candidates for Mayor of the City of Leland, Mississippi.

20. On or about March 6, 2009, the Plaintiff filed qualifying papers seeking qualification to run in the Democratic Primary as a candidate for the Democratic nomination for Mayor of the City of Leland, Mississippi.

21. On or about March 17, 2009, the Leland, Mississippi Municipal Democratic Executive Committee refused to qualify the Plaintiff as a Democratic candidate based upon, *inter alia*, his immediate past service as a member of the City of Leland Municipal Republican Executive Committee during the same election cycle.

22. Pursuant to the First and Fourteenth Amendments to the United States Constitution, the Defendant has the right to determine its membership and with whom it chooses to associate. *See Kucinich v. Texas Democratic Party,* ___ F.3d_____, 2009 WL 755393 (C.A.5 Tex); *Ray v. Blair*, 343 U.S. 214, 72 S.Ct. 654, 96 L.Ed. 894 (1952).

23. The Plaintiff's status as a member of the Republican Party during this election cycle constitutes an irreconcilable conflict of interest.

24. The Plaintiff's service during this election cycle as a member of the Republican Municipal Executive Committee for the City of Leland, Mississippi constitutes an irreconcilable conflict of interest.

25. The conduct of the Plaintiff is inconsistent with the values, political principles, governing provisions of the Charter and Bylaws of the Democratic Party and governing provisions of the Constitution of the Democratic Party of the State of Mississippi.

26.     If the Plaintiff is allowed to qualify and run as a Democratic candidate for Mayor of the City of Leland during this election cycle, his candidacy will constitute a fraud on prospective Democratic voters.

27.     The Defendant did not foresee the instant scenario prior to its occurrence.

28.     In response to the instant scenario, the Defendant plans to adopt the following rule as soon as possible and prior to the hearing in this matter:

>     a.  Any individual who has served as a member of a committee of a political party, other than the Democratic Party, within the twelve month period immediately preceding municipal elections may not qualify for nomination as a candidate of the Democratic Party in municipal elections in Leland, Mississippi.

29.     Immediately after adoption of the rule, the Defendant will submit the aforementioned rule to the United States Justice Department for pre-clearance. The Defendant plans to make its submission prior to the hearing in this matter.

30.     That a copy of the aforementioned submission will be filed with this Court immediately after it is submitted for pre-clearance.

31.     That pending approval of the aforementioned submission, the Defendant requests that this Honorable Court order interim relief authorizing the Defendant to enforce the new rule against the Plaintiff.

32.     This Court has the authority to grant interim relief in accordance with the provisions of the Voting Rights Act. *Campos v. City of Houston*, 968 F.2d 446 (5th Cir. 1992); *Upham v. Seamon*, 456 U.S. 37, 102 S.Ct. 1518, 71 L.Ed. 2d 725 (1982); *McDaniel v. Sanchez*, 452 U.S. 130, 101 S.Ct. 2224, 68 L.Ed. 2d 724 (1981); *Conner v. Finch*, 431 U.S. 407, 97 S.Ct. 1828, 52 L.Ed.2d 465 (1977).

33. Interim relief is necessary to protect the Defendant from Republican candidates and/or independent candidates whose candidacies may be prompted by "short range political goals, pique or personal quarrel" rather than party identification with the Defendant. *Storer v. Brown*, 415 U.S. 724, 736 (1974). The Plaintiff's recent relationship with the Republican Party, his service on the Republican Municipal Executive Committee during this election cycle and his last minute filing of Democratic qualifying papers is the basis for the Defendant's refusal to qualify him as a Democratic candidate.

34. Interim relief is also necessary to protect the Defendant from Republican and/or independent candidates whose goal is to capture and bleed off votes in the primary election or general election that might well go to another party. *Id.*

35. Interim relief is necessary to allow the current municipal primary election to proceed as scheduled on May 5, 2009.

WHEREFORE, the Defendant prays that this Honorable Court dismiss the Plaintiff's Petition, grant Defendant interim relief allowing the Defendant to enforce its new rule preventing officers of another political party from qualifying as candidates in the Leland Democratic primary until they have ended their affiliation with the other political party for the proscribed period of time in the new rule and Defendant further prays for such additional relief as may be appropriate in the premises.

RESPECTFULLY SUBMITTED this the 5th day of April, 2009.

Respectfully submitted,

**MUNICIPAL DEMOCRATIC EXECUTIVE COMMITTEE OF LELAND, MISSISSIPPI**

By: /s/ Charles E. Griffin
Charles E. Griffin, MSB #5015

                                                                   Howard R.Brown, MSB # 10631
                                                                   Jedidiah Cochran, MSB # 102846

OF COUNSEL:

GRIFFIN & ASSOCIATES
P.O. BOX 968
JACKSON, MISSISSIPPI 39205-0968
601-354-0603 (telephone)
601-354-0604 (facsimile)

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have this day forwarded a true and correct copy of the above and foregoing pleading, via U.S. mail and electronic email to:

>Andrew N. Alexander, III, Esq.
>Lake Tindall, LLP
>P.O. Box 918
>Greenville, MS 38702-0918

This the  5th  day of April, 2009.

                                          /s/ Charles E. Griffin
                                          CHARLES E. GRIFFIN