IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES W. LOWE                                                                                          PLAINTIFF

VS.                                                                         CAUSE NO. 4:09-CV-00035-P-S

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF
LELAND, MISSISSIPPI                                                                           DEFENDANT

## DEFENDANT'S TRIAL MEMORANDUM

COMES NOW, the Democratic Municipal Executive Committee of the City of Leland, Mississippi, by and through counsel, and files this Trial Memorandum as follows:

### I. Introduction

The current Mississippi statute governing qualification procedures for municipal primary elections is unconstitutional. Therefore, the "baseline" for determining whether there has been a "change" under the Voting Rights Act of 1965 ("VRA") should be either (1) the practice in place prior to the covered jurisdiction becoming covered by the VRA or (2) the most recently precleared practice. Both the practice in place prior to the covered jurisdiction becoming covered under the VRA and the most recently precleared practice permit the Defendant to act to disqualify the Plaintiff.

The Defendant is a municipal unit of the Democratic Party of the State of Mississippi. *See* Exhibit A, Democratic Party Constitution. The Defendant is charged with the responsibility for qualifying Democratic Party candidates for office in the City of Leland, Mississippi pursuant to the provisions of § 23-15-309 Miss. Code Ann. (1972, as amended):

Upon receipt of the proper fee and all necessary information, the proper executive

committee shall then determine whether or not each candidate is a qualified elector, and whether any candidate has been convicted of any crime listed in Section 241, Mississippi Constitution of 1890, or is a fugitive from justice from this state or any other state, and such charge upon which a candidate has fled has not been dismissed. If the proper executive committee finds that a candidate is not a qualified elector or that such candidate has been convicted of any crime listed in Section 241, Mississippi Constitution of 1890, and not pardoned nor has served his sentence, or is a fugitive from justice as aforesaid, then the name of such candidate shall not be placed upon the ballot.

§23-15-299(6) Mississippi Code of 1972, as amended.

In addition to Mississippi law, the Democratic Party Constitution grants the Defendant certain powers to determine the qualifications of Democratic candidates:

> The Municipal Executive Committee shall perform the same executive committee duties as are specified by law and this Constitution for other party units. Each Municipal Executive Committee shall be elected in the primary elections held for the nomination of candidates for municipal office and shall be elected by the same election Districts by which the officers of the municipality are elected. The names of all persons desiring to be a candidate for the nomination in the primary elections shall be furnished to the Municipal Executive Committee at least thirty days prior to the first primary election. The officers shall revise and prepare the poll books and ballots, and the managers and other officials of the primary election committee shall be appointed by the Municipal Executive Committee and the returns of said election shall be made to such Municipal Executive Committee.

Article XI, Section 2 of the Constitution of the Mississippi Democratic Party.[1] In addition, the provisions of the Constitution of the Democratic Party of Mississippi provide that:

> No candidate shall be certified to run in a Democratic Primary for any office:
> (a) who has not met the statutory qualifications to run for such office;
>
> (b) who is not in accord with the principles and rules of the Democratic Party of Mississippi as set forth in the Constitution and bylaws and the standards or principles of the Party; and

---

[1] The Constitution of the Democratic Party of the State of Mississippi has, for all times relevant, been precleared.

>( c) who will not pledge to support the candidacy of all Party nominees at all levels running in the same general election for which nomination is being sought.

Article XIII, Section 2(a)(b) and (c) of the Constitution of the Mississippi Democratic Party.

The Republican Party of Mississippi has municipal organizations which serve the same election functions as the Democratic Party's municipal organizations. The Plaintiff, James Lowe, became an appointed member of the Republican Municipal Executive Committee for the City of Leland, Mississippi on February 20, 2005. *See* Exhibit B. On March 4, 2005, Mr. Lowe qualified to run for a full four year term on the committee. *See* Exhibit C. He was elected to serve for a four year term through the end of the municipal primary season in 2009.

On March 2, 2009, Mr. Lowe purchased an ad in a local newspaper announcing his resignation as a member of the Leland Republican Executive Committee due to the fact that he was a candidate for Mayor. *See* Exhibit D. His announcement did not disavow membership in the Republican Party or profess membership in the Democratic Party. *Id.* On March 6, 2009, the qualifying deadline, Mr. Lowe filed a qualifying statement of intent to run as a Democratic candidate for Mayor of Leland, Mississippi. *See* Exhibit E.

The Mississippi yearly political cycle begins on January 1st. *See* Article XIV, Section 257, Mississippi Constitution of 1890. By March 6, 2009, Mr. Lowe had spent almost the entire primary pre-qualifying period as a member of the Leland Republican Executive Committee. It was not until 2:28 p.m. on March 6, 2009 that anyone learned that Mr. Lowe planned to qualify as a Democrat. *Id.*

The current Mayor of the City of Leland, a Democrat, had also filed qualifying papers to run for re-election. After learning that Mr. Lowe had filed qualifying papers to run as a Democrat, she

initiated a challenge to his qualifications. A hearing was subsequently held and the Defendant decided not to qualify Mr. Lowe on the basis that he "violated the Democratic Constitution of the State of Mississippi by serving on the Leland Republican Municipal Executive Committee and supporting the Republican Party."[2] *See* Exhibit F. Being aggrieved by the decision of the Defendant, Mr. Lowe filed the instant lawsuit seeking to overturn the ruling of the Defendant.

    I.    <u>State Law.</u>

Pursuant to the Mississippi Constitution of 1890, the legislature is charged with the duty to make laws to insure fairness in party primary elections, conventions, or other methods of naming party candidates. *See* Article XII, Section 247, Mississippi Constitution of 1890. The Mississippi Constitution of 1890 also guarantees the rights of the Defendant to freedom of association and freedom of speech. *See* Article III, Sections 11 and 13, Mississippi Constitution of 1890.

Article III, Section 11 of the Mississippi Constitution of 1890 provides for the right to Freedom of Association:

> The right of the people peaceably to assemble and petition the government on any subject shall never be impaired.

Article III, Section 11 of the Mississippi Constitution of 1890. The provisions of Article III, Section 13 of the Mississippi Constitution of 1890 provides for the right to freedom of speech:

> The freedom of speech and of the press shall be held sacred; and in all prosecutions for libel the truth may be given in evidence, and the jury shall determine the law and the facts under the direction of the court; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted.

---

[2] The decision to disqualify Mr. Lowe was based upon the Defendant's authority (under the Mississippi Democratic Party Constitution) not to qualify individuals who it deemed were not in accord with the principles and rules of the Democratic Party of Mississippi as set forth in the Constitution and bylaws and the standards or principles of the Party.

Article III, Section 13 of the Mississippi Constitution of 1890. The rights to freedom of speech and freedom of association under the United States Constitution are contained in the First Amendment to the United States Constitution:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

First Amendment to the United States Constitution. The provisions of the First Amendment apply to the states pursuant to the provisions of the Fourteenth Amendment to the United States Constitution.

The Mississippi Constitution and the United States Constitution combine to provide significant protection for the Defendant. These provisions require the State of Mississippi to allow the Defendant to have a meaningful role in the selection of its nominees for public office. The United States Supreme Court has held that a political party's right to exclude is central to its freedom of association and is never more important than in the process of selection of its nominees. *Washington State Grange v. Washington State Republican Party*, 128 S.Ct. 1184 (2008).

In accordance with its duties under the Mississippi Constitution of 1890 and consistent with state and federal constitutional law, the legislature enacted legislation to insure fairness in elections and to insure the Defendant's rights to freedom of association under the First and Fourteenth Amendments to the United States Constitution and Article III, Sections 11 and 13, Mississippi Constitution of 1890. *See Kucinich v. Texas Democratic Party*, ___ F.3d ___, 2009 WL 755393 (C.A.5 Tex); *Ray v. Blair*, 343 U.S. 214, 72 S.Ct. 654, 96 L.Ed. 894 (1952).

Under Section 3129 of the Mississippi Code of 1942, the legislature provided:

> No person shall be eligible to participate in any primary election unless he has been in accord with the party holding such primary within the two preceding years, and is in accord with the statement of the principles of the party holding such primary, which principles shall have been declared by the state convention of the party holding the primary, and unless he is not excluded from such primary by any regulation of the state executive committee of the party holding such primary; provided however, that nothing herein is intended or shall ever be understood as applying to elections of President or Vice-President of the United States, wherein votes may be cast entirely without regard to party lines and within any penalty for so doing.

The aforementioned section was repealed by Chapter 506, Laws of 1970. The following law was subsequently enacted:

> Upon receipt of the proper fee and all necessary information, the proper executive committee shall then determine whether or not each candidate is a qualified elector, and whether any candidate has been convicted of any crime listed in Section 241, Mississippi Constitution of 1890, or is a fugitive from justice from this state or any other state, and such charge upon which a candidate has fled has not been dismissed. If the proper executive committee finds that a candidate is not a qualified elector or that such candidate has been convicted of any crime listed in Section 241, Mississippi Constitution of 1890, and not pardoned nor has served his sentence, or is a fugitive from justice as aforesaid, then the name of such candidate shall not be placed upon the ballot.

§23-15-299(6) Mississippi Code of 1972, as amended. The statutory source notes indicate that the United States Attorney General interposed no objection to the aforementioned language. It is unclear why the protections afforded to the Defendant were repealed. The official position of the Attorney General of the State of Mississippi is that §23-15-299(6) Mississippi Code of 1972, as amended, is the current practice in the State of Mississippi and that any action taken to apply a qualification not contained within the confines of §23-15-299(6) Mississippi Code of 1972, as amended constitutes a "change" for Voting Rights Act purposes and requires preclearance. *See Mississippi Attorney General's opinion to Honorable Billy R. Nicholson*, 2007 WL 852249, (Miss. A.G.) January 29, 2007.

Mississippi's statutory procedure for qualifying primary election candidates denies the Defendant the right to have a meaningful role in the qualification process. The best evidence of a candidate's identification with the principles supported by the Defendant is the past behavior of the candidate. If the Defendant is prohibited from taking past behavior into account in the qualification process, it cannot exercise its rights to freedom of association and freedom of speech.

The provisions of §23-15-299(6) are not narrowly tailored to protect the interests of the state in maintaining fair and open elections. The legislative repeal of Section 3129 took away the Defendant's rights. To the extent that §23-15-299(6) Mississippi Code of 1972, as amended, violates the rights of Defendant under Article III, Sections 11 and 13 of the Mississippi Constitution of 1890 and under the First and Fourteenth Amendments to the United States Constitution, its enforcement should be prohibited and Mississippi should be forced to comply with the provisions of the previously repealed Section 3129. Alternatively, this Court should fashion a remedy for the Defendant.

    II.    <u>Federal Law and The Voting Rights Act.</u>

The VRA was enacted to enforce the provisions of the Fifteenth Amendment to the United States Constitution. Under Section 5 of the VRA, all election changes in a covered jurisdiction must be precleared by the Attorney General of the United States or a three judge district court in the District of Columbia before they can be implemented. The City of Leland, Mississippi is a covered location under the VRA.

    III.    <u>Is the enforcement of the pre-cleared Democratic Party Constitution or the prior provisions of Section 3129 a "change" under the Voting Rights Act?</u>

It is undisputed that the Democratic Party Constitution has been precleared under the

provisions of the VRA. It was precleared after §23-15-299(6) Mississippi Code of 1972. The provisions of the Democratic Party Constitution are consistent with the power previously conferred to political parties in Mississippi pursuant to Section 3129.[3] The repeal of Section 3129 did not change the authority of political parties to police their nominees. The repeal eliminated that authority under Mississippi law. Based upon information and belief, the repeal was not expressly precleared pursuant to the VRA. The repeal was reportedly precleared as a part of the re-codification of Mississippi laws which resulted in the Mississippi Code of 1972.[4] An unconstitutional statute should be ignored for "baseline" purposes under the VRA. *See Riley v. Kennedy*, 128 S.Ct.1970, 1985 ( 2008)(Elections are sometimes permitted to proceed despite legal challenge and "practice" may constitute "baseline" even if it is illegal under state law).

    IV.    <u>Is the enforcement of the non-precleared Rule Adopted By The Democratic Party Executive Committee a "change" under the Voting Rights Act?</u>

The Defendant concedes that the enforcement of the non-precleared rule adopted by the Defendant constitutes a "change' under the provisions of the VRA. The Defendant has submitted the Rule for preclearance. The Defendant submits that the election should go forward while preclearance is pending. Equity supports the right of the Defendant to select candidates of its choice to carry the Democratic Party banner. To grant injunctive relief to the Plaintiff would violate the Defendant's rights under the First and Fourteenth Amendment to the United States Constitution and Article 3, Sections 11 and 13 of the Mississippi Constitution of 1890. The Defendant has a critical

---

[3] Section 3129 was in effect prior to the Voting Rights Act of 1965.

[4] This representation is made on the basis of information verbally obtained from the Office of the Attorney General. The historical documents evidencing the sequence of events are not available to the Defendant in time for this hearing.

interest in protecting the integrity of its candidate nomination process. *See California Democratic Party v. Jones*, 530 U.S. 567 (2000)( In no area is the political association's right to exclude more important than in the process of selecting its nominee).

The Court should protect the Defendant from Republican candidates and/or independent candidates whose candidacies may be prompted by "short range political goals, pique or personal quarrel" rather than party identification with the Defendant. *Storer v. Brown*, 415 U.S. 724, 736 (1974). The Court should also protect the Defendant from Republican and/or independent candidates whose goal is to capture and bleed off votes in the primary election or general election that might well go to another party candidate. *Id.* The Plaintiff's recent relationship with the Republican Party, his service on the Republican Municipal Executive Committee during this election year and his last minute filing of Democratic qualifying papers all support the Defendant's request to deny the Plaintiff injunctive relief and grant the Defendant relief. This Court should allow the election to go forward and should stay the disposition of this case pending preclearance.

   V.  <u>Prayer for Relief.</u>

WHEREFORE, the Defendant prays that this Honorable Court dismiss the Plaintiff's Complaint, deny the Plaintiff injunctive relief, grant Defendant interim relief, allow the Defendant to enforce its new rule preventing officers of another political party from qualifying as candidates in the Leland, Mississippi Democratic primary until they have ended their affiliation with the other political party for the proscribed period of time in the new rule. If the Defendant has prayed for wrong or improper relief, the Defendant hereby prays that this Honorable Court grant the Defendant such additional relief as is appropriate based upon the facts and the law applicable to this case.

Submitted this the 7th day of April, 2009.

Respectfully submitted,
**MUNICIPAL DEMOCRATIC EXECUTIVE COMMITTEE OF LELAND, MISSISSIPPI**

By: /s/ Charles E. Griffin
Charles E. Griffin, MSB #5015
Howard R. Brown, MSB # 10631
Jedidiah Cochran, MSB # 102846

OF COUNSEL:

GRIFFIN & ASSOCIATES
P.O. BOX 968
JACKSON, MISSISSIPPI 39205-0968
601-354-0603 (telephone)
601-354-0604 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that I have this day forwarded a true and correct copy of the above and foregoing pleading, via U.S. mail and electronic email to:

Andrew N. Alexander, III, Esq.
Lake Tindall, LLP
P.O. Box 918
Greenville, MS 38702-0918

This the 7th day of April, 2009.

/s/ Charles E. Griffin
CHARLES E. GRIFFIN