IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES W. LOWE                                                                  PETITIONER

V.                                                         CAUSE NO.:  4:09CV035-P-S

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF LELAND,
MISSISSIPPI                                                                     DEFENDANT

### PETITIONER'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING PRECLEARANCE DECISION

COMES NOW, Petitioner James W. Lowe, by and through the undersigned counsel, and files this, his response to Defendant's "Motion to Stay Proceedings Pending Preclearance Decision," stating as follows:

The following facts are undisputed:

1. Petitioner is an African-American citizen of the City of Leland, Mississippi, is a qualified elector of the City of Leland, is fully qualified to hold the office of Mayor of that City and has never been convicted of a felony.

2. On March 6, 2009, Petitioner properly and timely filed with the Leland City Clerk his "Qualifying Statement of Intent for a Candidate for Party Nomination for the Office of Mayor."  He also paid the statutorily required $10.00 filing fee.  Pursuant to statute, the City Clerk forwarded Petitioner's Qualifying Statement and filing fee to Defendant Municipal Democratic Executive Committee of Leland, Mississippi.

3. On March 13, 2009, Committee Chairman Danny Caldwell hand delivered to Petitioner a letter, also dated March 13, 2009, advising Petitioner that, on March 11, 2009, the Committee had received a petition challenging his certification as a candidate for

Mayor in the May 5, 2009 Democratic primary. The letter further advised Petitioner that a hearing would be held the following Monday, March 16, 2009.

4.  A hearing was held on March 16th, after which the Committee recessed to consider its decision. On March 18, 2009, Petitioner received from the Committee a letter dated March 17, 2009, advising him that "[t]he challenge [to his certification] was based on claims that [Petitioner] violated the Democratic Constitution of the State of Mississippi by serving on the Leland Republican Municipal Executive Committee and supporting the Republican Party." The letter further advised Petitioner that the Committee had voted unanimously to deny his certification as a Democratic candidate for Mayor.

Accordingly, either on March 16th or March 17th the Committee voted unanimously to refuse to certify Petitioner for the reasons stated in the March 17th letter. There is no dispute that Petitioner meets the statutory qualifications set out in Miss. Code. Ann. §23-15-309.

5.  On April 6, 2009, exactly one month after Petitioner filed his Qualifying Statement, and either 19 or 20 days *after* the Committee refused to certify Petitioner, the Committee met and adopted a "Rule Regarding Candidate Qualification." The text of this new rule is as follows:

> Any individual who has served as a member of a committee of a political party, other than the Democratic party, within the 12 month period immediately preceding municipal elections may not qualify for nomination as a candidate of the Democratic party in municipal elections in Leland, Mississippi.

6.  Also on April 6, 2009, Defendant's counsel sent by facsimile transmission to the United States Department of Justice a Submission under Section 5 of the Voting Rights Act, asking that the Department preclear the new rule. Later that day, Defendant

filed the instant motion, asking this Court to "stay this proceeding pending preclearance of the Defendant's submission to the Attorney General of the United States."

A cursory review of these undisputed facts shows that Defendant's motion is completely without merit. While Defendant is perfectly free to attempt to change voting practices prospectively, it cannot change them retroactively. Pursuant to the Voting Rights Act, no change in voting practices, standards or procedures can be made effective until the change had been approved by the United States District Court for the District of Columbia or, alternatively, precleared by the United States Attorney General. *See* 42 U.S.C. §1973(c).

Accordingly, even if the United States Attorney General ultimately preclears Defendant's new rule, that rule can only be applied prospectively, after preclearance, and can have no legal affect on the qualifications for certification that existed as of the qualifying deadline for the upcoming Leland Democratic Primary.

THIS, the 8th day of April, 2009.

                                      JAMES W. LOWE, Petitioner

                                      s/Andrew N. Alexander III
                                      Andrew N. Alexander III, MSB#1310

OF COUNSEL:

Lake Tindall, LLP
127 South Poplar Street
P. O. Box 918
Greenville, MS 38702-0918
Telephone: 662/378-2121
Facsimile: 662/378-2183

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Charles E. Griffin, Esq. | ceg@griffinlawyers.com |
| Howard R. Brown | hbrown@griffinlaywers.com |
| Jedidiah Lee Cochran, Esq. | jcochran@griffinlalwyers.com |

And I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None

s/Andrew N. Alexander III
ANDREW N. ALEXANDER III
