IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES W. LOWE                                                              PLAINTIFF

VS.                                                           CAUSE NO. 4:09-CV-00035-P-S

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF
LELAND, MISSISSIPPI                                                         DEFENDANT

## MOTION TO MODIFY INJUNCTION
## PURSUANT TO RULE 62( C ) F.R.C.P.

COMES NOW, the Democratic Municipal Executive Committee of the City of Leland, Mississippi, by and through counsel, and files this Motion to Modify Injunction Pursuant to Rule 62 F.R.C.P. and in support thereof states the following:

1.      On April 16, 2009, this Court entered a Judgment requiring the Defendant to place the name of the Plaintiff on the May 5, 2009 primary election ballot forthwith.

2.      On April 21, 2009, the Defendant filed an appeal of this Court's April 16, 2009 Judgment to the Fifth Circuit Court of Appeals.

3.      That since this Court's April 16, 2009 Judgment, the Defendant has learned that Mississippi law bars the Plaintiff from seeking election to the position of Mayor of Leland in the May 5, 2009 primary election and that the Defendant is lawfully required to enforce said prohibition.

4.      Pursuant to the provisions of §23-15-263(3), the County Executive

Committees serve as "primary election officers" and they have the powers and duties of general election commissioners:

> (3) The primary election officers appointed by the executive committee of the party shall have the powers and perform the duties, where not otherwise provided, required of such officers in a general election, and any and every act or omission which by law is an offense when committed in or about or in respect to such general elections, shall be an offense if committed in or about or in respect to a primary election; and the same shall be indictable and punishable in the same way as if the election was a general election for the election of state and county officers, except as specially modified or otherwise provided in this chapter.

§23-15-263(3) Miss. Code Ann. (1972, as amended).

5. Pursuant to the provisions of §23-15-319 Miss. Code Ann. (1972, as amended) the preceding powers and duties of County Executive Committees are applicable to members of municipal executive committees:

> All the provisions of this subarticle as far as practicable shall apply to and regulate primary elections for the nomination of elective municipal offices. Candidates for the nomination of such municipal offices shall file with the clerk of the city, village or town, the affidavits and reports required of candidates for party nominations to any county or county district office to be filed pursuant to this chapter.

§23-15-319 Miss. Code Ann. (1972, as amended).

6. The provisions of § 23-15-217 Miss. Code Ann. (1972) include the following prohibition:

> (1) A commissioner of election of any county may be a candidate for any other office at any election held or to be held during the four-year term for which he has been elected to the office of commissioner of election or with reference to which he has acted as such; ***provided that he has resigned from the office of election commissioner before January 1 of the year in which he desires to seek the office.***

§ 23-15-217 Miss. Code Ann. (1972, as amended)(emphasis added).

7. The Plaintiff has admitted that he served as a member of the Republican Municipal Executive Committee for the City of Leland until his resignation on March 2, 2009.

8. Prohibitions applicable to election commissioners qualifying for office have been applied to executive committee members by the Mississippi Supreme Court. *See Breeland v. Mallett*, 527 So.2d 629 (Miss. 1988).

9. The Judgment of this Court entered on April 16, 2009 ordered that the Defendant add the Plaintiff's name to the May 5, 2009 primary election ballot forthwith.

10. Unless the Judgment of this Court is modified to allow the Defendant to bar the Plaintiff from the May 5, 2009 ballot in accordance with the aforementioned Mississippi law, the Defendant, and its members who may vote for the Plaintiff in the primary election, will effectively be disenfranchised because the Plaintiff will not be eligible to represent them in the general election.

11. Rule 62( c) F.R.C.P. provides that, while an appeal from an injunction is pending, a District Court retains jurisdiction to suspend or modify the injunction. Rule 62 (c ) F.R.C.P.

12. The original intent of the Court's April 16, 2009 Judgment was to insure that Mississippi's municipal election laws are complied with. Modification of the April 16, 2009 Judgment will help insure that said purpose is achieved. *Sierra Club v. Cedar Point Oil Company*, 73 F.3d 546 (5th Cir. 1996)(a Court may modify an injunction to achieve the

original purpose of the injunction if that purpose has not been fully achieved.)

13. The injunction should be modified to permit the Defendant to discharge its duties and comply with the provisions of § 23-15-217 Miss. Code Ann. (1972, as amended) and the related statutes.

14. Inasmuch as the Plaintiff is clearly barred as a candidate pursuant to § 23-15-217, he lacks any "irreparable injury" for the April 16, 2009 Judgment to protect.

15. The original injunction granted on April 16, 2009 was too broad and didn't take into account other factors which might bar the Plaintiff from being a candidate in the Democratic Primary. The Court should modify the injunction to allow the Defendant to comply with Mississippi law.

WHEREFORE, premises considered, the Defendant prays that this Honorable Court modify the April 16, 2009 Judgment by permitting the Defendant to discharge its duties and comply with the provisions of § 23-15-217 Miss. Code Ann. (1972, as amended). Defendant prays for such other relief as may be appropriate.

RESPECTFULLY SUBMITTED this the 23rd day of April, 2009.

**MUNICIPAL DEMOCRATIC EXECUTIVE COMMITTEE OF LELAND, MISSISSIPPI**

By: /s/ Charles E. Griffin
Charles E. Griffin, MSB #5015
Howard R. Brown, MSB # 10631
Jedidiah Cochran, MSB # 102846

OF COUNSEL:

GRIFFIN & ASSOCIATES

P.O. BOX 968
JACKSON, MISSISSIPPI 39205-0968
601-354-0603 (telephone)
601-354-0604 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day forwarded a true and correct copy of the above and foregoing pleading, via U.S. mail and electronic email to:

>Andrew N. Alexander, III, Esq.
>Lake Tindall, LLP
>P.O. Box 918
>Greenville, MS 38702-0918

This the 23rd day of April, 2009.

>/s/ Charles E. Griffin
>CHARLES E. GRIFFIN