IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES W. LOWE                                                                                          PLAINTIFF

VS.                                                                           CAUSE NO. 4:09-CV-00035-P-S

DEMOCRATIC MUNICIPAL EXECUTIVE
COMMITTEE OF THE CITY OF
LELAND, MISSISSIPPI                                                                               DEFENDANT

## AMENDED MOTION TO MODIFY INJUNCTION
## PURSUANT TO RULE 62( C ) F.R.C.P.

COMES NOW, the Democratic Municipal Executive Committee of the City of Leland, Mississippi, by and through counsel, and files this Motion to Modify Injunction Pursuant to Rule 62 F.R.C.P. and in support thereof states the following:

1. On April 16, 2009, this Court entered a Judgment requiring the Defendant to place the name of the Plaintiff on the May 5, 2009 primary election ballot forthwith.

2. On April 21, 2009, the Defendant filed an appeal of this Court's April 16, 2009 Judgment to the Fifth Circuit Court of Appeals.

3. That since this Court's April 16, 2009 Judgment, the Defendant has learned that Mississippi law bars the Plaintiff from seeking election to the position of Mayor of Leland in the May 5, 2009 primary election and that the Defendant is lawfully required to enforce said prohibition.

4. Pursuant to the provisions of §23-15-171 Miss. Code Ann. (1972, as amended) the Defendant shall perform *the same duties* as are specified by law and performed by members of the county executive committee with regard to county and state elections:

> (1) Municipal primary elections shall be held on the first Tuesday in May preceding the general municipal election and, in the event a second primary shall be necessary, such second primary shall be held on the third Tuesday in May preceding such general municipal election. At such primary election the municipal executive committee **shall perform the same duties** as are specified by law and performed by members of the county executive committee with regard to state and county primary elections. Each municipal executive committee shall have as many members as there are elective officers of the municipality, and such members of the municipal executive committee of each political party shall be elected in the primary elections held for the nomination of candidates for municipal offices. The provisions of this section shall govern all municipal primary elections as far as applicable, but the officers to prepare the ballots and the managers and other officials of the primary election shall be appointed by the municipal executive committee of the party holding such primary, and the returns of such election shall be made to such municipal executive committee. Vacancies in the executive committee shall be filled by it.

§23-15-171 Miss. Code Ann. (1972, as amended)(emphasis added).

5. The provisions of § 23-15-217 Miss. Code Ann. (1972) include the following prohibition:

> (1) A commissioner of election of any county may be a candidate for any other office at any election held or to be held during the four-year term for which he has been elected to the office of commissioner of election or with reference to which he has acted as such; ***provided that he has resigned from the office of election commissioner before January 1 of the year in which he desires to seek the office.***

§ 23-15-217 Miss. Code Ann. (1972, as amended)(emphasis added).

6. Prohibitions applicable to election commissioners qualifying for office have been applied to executive committee members by the Mississippi Supreme Court. *See Breland v. Mallett*, 527 So.2d 629 (Miss. 1988).

7. In *Breland* the Court concluded that the penalty clause of Section 23-15-217

applied to county executive committee members:

> Accordingly, this Court concludes that the penalty clause of the statute which prohibits a member of the Election Commission from being a candidate during the term of their office as election commissioner equally applies to a person who was a member of the Democratic Executive committee of Stone County, Mississippi.

*Breland v. Mallet*, 527 So.2d 629 (Miss. Code Ann. (1972, as amended).

8. In response to the decision, the Mississippi legislature amended the provisions of § 23-15-263 Miss. Code Ann. (1972, as amended) to specifically exempt members of *county committees* from the penalty of Section 23-15-217. The amendment added the following language:

> The executive committee shall be subject to all the penalties to which county election commissioners are subject, except that Section 23-15-217 shall not apply to members of the county executive committee who seek elective office.

§ 23-15-263 Miss. Code Ann. (1972, as amended). There is no similar exemption contained in §23-15-171 Miss. Code Ann. (1972, as amended) for members of the *municipal executive committee*.

9. The provisions of § 23-15-263(2) Miss. Code Ann. (1972, as amended) are distinguished from the provisions of the municipal committee statute by providing that the *county committee* penalty for qualifying as a candidate, for state or county office, shall be automatic removal from office on the *county executive committee*. The *county executive committee* statute further distinguishes itself from the municipal executive committee statute by providing that members of the *county executive committee* will not suffer *any* penalty if they become a candidate in a municipal election:

> The provisions of this subsection shall not apply to members of a

> County Executive Committee who qualifies as a candidate for municipal elective office.

§ 23-15-263(2) Miss. Code Ann. (1972, as amended). There are no similar exemptions contained in §23-15-171 Miss. Code Ann. (1972, as amended) for members of the *municipal executive committee*.[1]

10. The Plaintiff has admitted that he served as a member of the Republican Municipal Executive Committee for the City of Leland until his resignation on March 2, 2009.

11. The Judgment of this Court entered on April 16, 2009 ordered that the Defendant add the Plaintiff's name to the May 5, 2009 primary election ballot forthwith.

12. Unless the Judgment of this Court is modified to allow the Defendant to bar the Plaintiff from the May 5, 2009 ballot in accordance with the aforementioned Mississippi law, the Defendant, and its members who may vote for the Plaintiff in the primary election, will effectively be disenfranchised because the Plaintiff will not be eligible to represent them in the general election.

13. Rule 62(c) F.R.C.P. provides that, while an appeal from an injunction is

---

[1] The Attorney General's view regarding the statutory construction of the preceding sections differs from that of the Defendant. *See* Op.Atty.Gen. Walker, August 15, 1990, 1990 WL547925 (Miss. A.G.) However, the Mississippi Supreme Court has also disagreed with certain Attorney General's opinions regarding significant aspects of election law and they have had occasion to rule contrary to said opinions. *See Meeks v. Tallahatchie County*, 513 So.2d 563, 568 (Miss. 1987).

pending, a District Court retains jurisdiction to suspend or modify the injunction. Rule 62 (c ) F.R.C.P.

14. The original intent of the Court's April 16, 2009 Judgment was to insure that the Plaintiff was not denied ballot placement based upon allegations of past disloyalty. The original judgment was never intended to bar the Defendant from exercising any other statutory authority under Mississippi's municipal election laws. Modification of the April 16, 2009 Judgment will help insure that the purpose of the original judgment is achieved without exceeding the scope of the underlying case. *Sierra Club v. Cedar Point Oil Company*, 73 F.3d 546 (5th Cir. 1996)(a Court may modify an injunction to achieve the original purpose of the injunction if that purpose has not been fully achieved.)

15. The injunction should be modified to permit the Defendant to discharge its duties and comply with the provisions of § 23-15-217 Miss. Code Ann. (1972, as amended) and the related statutes.

16. The original injunction granted on April 16, 2009 was too broad and didn't take into account other factors which might bar the Plaintiff from being a candidate in the Democratic Primary. The Court should modify the injunction to allow the Defendant to comply with Mississippi law.

WHEREFORE, premises considered, the Defendant prays that this Honorable Court modify the April 16, 2009 Judgment to limit its application to

prohibiting the Defendant from removing the Plaintiff from the ballot for prior party disloyalty. Defendant prays for such other relief as may be appropriate.

RESPECTFULLY SUBMITTED this the 24th day of April, 2009.

**MUNICIPAL DEMOCRATIC EXECUTIVE COMMITTEE OF LELAND, MISSISSIPPI**


By: __/s/ Charles E. Griffin_____
Charles E. Griffin, MSB #5015
Howard R. Brown, MSB # 10631
Jedidiah Cochran, MSB # 102846

OF COUNSEL:

GRIFFIN & ASSOCIATES
P.O. BOX 968
JACKSON, MISSISSIPPI 39205-0968
601-354-0603 (telephone)
601-354-0604 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day forwarded a true and correct copy of the above and foregoing pleading, via U.S. mail and electronic email to:

>Andrew N. Alexander, III, Esq.
>Lake Tindall, LLP
>P.O. Box 918
>Greenville, MS 38702-0918

This the 24th   day of April, 2009.

>　 /s/ Charles E. Griffin   
>CHARLES E. GRIFFIN